United States District Court
Southern District of Texas
**ENTERED**
October 21, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD WINGATE,<br>SPN 02572231, TDCJ #02548591,<br>Plaintiff, | §<br>§<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-00228 |
| A HERNANDEZ, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§ | |

## MEMORANDUM AND ORDER

The plaintiff, Donald Wingate (SPN 02572231, TDCJ #02548591), filed this prisoner *pro se* civil rights action while confined in the Harris County Jail but is currently in custody of the Texas Department of Criminal Justice. *See* Doc. Nos. 1 & 9. Having conducted the screening required by the Prison Litigation Reform Act (the "PLRA"), the Court **DISMISSES** this case for failure to state a claim for which relief may be granted for the reasons set forth below.

## I. BACKGROUND

Wingate alleges that on or around December 24, 2024, he was in the Harris County Jail JPC cold-room detoxing from fentanyl. Doc. No. 8 at 1. He states that two jailers, A. Hernandez and M. Hernandez, verbally abused him while he was detoxing and harassed him during a strip search by making sexual comments and threats. He also alleges that he received cold food and contaminated water such that he contracted food poisoning at the Jail. Doc. No. 1 at 4. He further claims that Harris County Jail does not provide treatment

for Hepatitis C, which he claims he also contracted at the Jail. *Id.* He seeks treatment for Hepatitis C and monetary compensation. *Id.*

## II. LEGAL STANDARDS

The Prison Litigation Reform Act ("PLRA") applies to this complaint. Under the PLRA, the Court "shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B), 1915A. A plaintiff's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences which can be drawn from it. *Haines v. Kerner,* 404 U.S. 519 (1972); *Alexander v. Ware,* 714 F.2d 416, 419 (5th Cir.1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir.1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir.1999) (citing *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir.1999) (quoting *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir.1998)). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that plaintiff's factual allegations are true, and a dismissal is proper

only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* (citations omitted).

## III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Violations of state law or torts based in negligence are insufficient to state a viable claim under section 1983. *See Baker v. McCollan*, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."). Therefore, the plaintiff must allege facts to show a violation of federal law by a state actor to maintain a claim under section 1983.

Wingate alleges that the defendants verbally abused him and harassed him. However, verbal threats and insults like the ones Wingate alleges do not state a claim for relief under 42 U.S.C. § 1983. *See Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) (citing *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997)). He does not state a claim regarding the alleged verbal abuse and harassment.

In addition, although he generally states that the food was cold and the water was contaminated, he pleads no facts to show that these conditions were more than *de minimis* or lasted longer than a few days. "The Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute 'punishment.'" *Hamilton v.*

*Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Even so, *de minimis* restrictions do not amount to punishment and are not sufficient to maintain a claim under section 1983. *See id.* at 106 (affirming dismissal of a pretrial detainee's conditions of confinement claim because his allegations amounted to no more than a "*de minimis* level of imposition" such that the conditions were not punishment). Wingate fails to state facts to show that the conditions of his confinement when he was detoxing on December 24-25, 2024, were punitive.

Finally, Wingate's claim for injunctive relief regarding treatment for Hepatitis C is moot because he is no longer confined in the Harris County Jail. *See Spencer v. Kemna*, 118 S. Ct. 978, 983 (1998) (holding that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution" because "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit'") (quoting *Lewis v. Cont'l Bank Corp.*, 110 S. Ct. 1249, 1254 (1990)). Because Wingate does not plead facts to show that any of the defendants violated his civil rights while he was confined in the Harris County Jail, this case must be dismissed for failure to state a claim for which relief may be granted.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's claims against all defendants are **DISMISSED** with prejudice under 28 U.S.C. §§1915A, 1915(e)(2)(B), for failure to state a claim for which relief may be granted.

2. All pending motions, if any, are **DENIED as MOOT.**

3. This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at the following email: **Three_Strikes@txs.uscourts.gov**

The Clerk will provide a copy of this order to the parties.

SIGNED on this 21st day of October 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE